JANET M. HEROLD, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
IAN H. ELIASOPH, Counsel for ERISA
ANDREW J. SCHULTZ, Trial Attorney
California State Bar No. 237231
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7745
Facsimile:(415) 625-7772
Email: Schultz.andrew@dol.gov

Attorneys for Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, the United States Department of Labor,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>LANCE SILVA, NATIONAL UPHOLSTERING COMPANY, INC., and THE NATIONAL UPHOLSTERING COMPANY 401(K) PLAN,<br>　　　　　　Defendants. | Case No.: 3:15-cv-1771<br><br>COMPLAINT FOR VIOLATIONS OF ERISA |

　　　　Plaintiff THOMAS E. PEREZ, Secretary of Labor, the United States Department of Labor (the "Secretary"), alleges:

　　　　1.　　This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to § 502(a)(5), 29 U.S.C. § 1132(a)(5).

## Jurisdiction, Parties and Venue

2. Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The NATIONAL UPHOLSTERING COMPANY 401(K) PLAN ("401(k) Plan" or "Plan") is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3).

4. The Plan was sponsored by NATIONAL UPHOLSTERING COMPANY ("NUC" or "Company"), a suspended domestic corporation that manufactured furniture. Up until June 2010, when the Company ceased its operations, the Company's principal place of business in the United States was in Emeryville, California, within the jurisdiction of this Court.

5. LANCE SILVA is the former President of NUC, and at all relevant times was and is a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A). Silva resides in Alameda County California, within the jurisdiction of this court.

6. Venue of this action lies in the Northern District of California pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this District and Defendant Silva resides within this District.

## Intra-District Assignment

7. The 401(k) Plan was administered in Alameda County California.

## Factual Allegations

8. At all relevant times, Defendant Lance Silva, an individual, exercised discretionary authority and control respecting the management and disposition of the Plan and its assets, was and is a fiduciary of the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

9. At all relevant times, Defendant National Upholstering Company, a corporation, was and is the sponsor and Plan Administrator of the Plan, exercised discretionary authority and control respecting the management and disposition of the Plan and was and is a fiduciary of the Plan within

1  the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and a party in
2  interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and
3  (C).

4      10.    The Plan is named as a Defendant herein pursuant to Rule 19(a) of the Federal
5  Rules of Civil Procedure, solely to assure that complete relief can be granted.

6      11.    At all relevant times the Directed Trustee and custodian of the assets of the Plan
7  was, and is, Fidelity Investments.

8      12.    The Plan was operated in a manner so that each participant had an individual
9  account that was linked to their name, address and social security number.   Plan participants
10 could access their Plan accounts via telephone and through the internet to conduct transactions,
11 including requesting withdrawals.

12     13.    On or about September 2011, Defendant Silva began to engage in a pattern of
13 unauthorized transactions wherein he accessed other participants' Plan accounts and caused
14 several participants' account balances, or portions thereof, to be transferred to himself.
15 Specifically, between September 10, 2011, and November 14, 2011, Defendant Silva improperly
16 caused Fidelity Investments to distribute $43,326.36 from four other participant's accounts to
17 himself, without authorization, with the checks payable to Defendant Silva.

18     14.    Defendant Silva did not disburse the funds described in paragraph 13 above to the
19 Plan participants, nor were they held in trust.

20     15.    Since at least June 2010, Defendant NUC failed to take the proper steps to ensure
21 that Plan participants received distributions of their account balances.  For example, NUC failed
22 to update the Plan's online account to allow participants to access their benefits as required by
23 governing Plan documents.  The Secretary is informed and believes that at least $270,000 in
24 assets remains in the Plan.

25 **Violations of ERISA**

26     16.    Because of the conduct described in Paragraphs 7-15 above, Defendants Silva and
27 NUC, acting in their fiduciary capacity:

28

1         a.    failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

        b.    failed to act with the care, skill prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

        c.    caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

17. Because of the conduct described in paragraphs 7-15 above, Defendant Silva dealt with Plan assets in his own interest or for his own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

18. Because of the conduct described in Paragraphs 7-15 above, Defendant NUC, acting in its' fiduciary capacity, failed to act in accordance with the documents and instruments governing the Plan as required by ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

19. Defendant NUC is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. §1105(a), for the violations alleged in paragraphs 16-17 above because: (1) NUC enabled Defendant Silva to commit such breaches by its failure to comply with § 404(a)(1)(A) and (D), 11 U.S.C. § 1104(a)(1)(A) and (D), in the administration of its specific responsibilities which gave rise to its status as a fiduciary; and (2) NUC had knowledge of Defendant Silva's breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

20. Because of the facts and circumstances set forth in Paragraphs 7-19 above, 401(k) Plan participants are unable to access their Plan accounts, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement.

21. As a direct and proximate result of the breaches and violations set forth in Paragraphs 7-20 above, the Secretary is entitled to such equitable or remedial relief as the Court

1  may deem appropriate, including removal of such fiduciary, pursuant to ERISA § 409, 29 U.S.C.
2  § 1109.
3      **WHEREFORE**, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5), Plaintiff prays
4  that the Court:
5      A.    Ordering Defendants Silva and NUC to restore to the Plan any losses, including
6  lost-opportunity income, resulting from fiduciary breaches committed by them or for which they
7  are liable;
8      B.    Appoint an independent fiduciary with discretionary authority to administer the
9  401(k) Plan in order to effectuate its termination and the distribution of 401(k) Plan assets to the
10 participants and beneficiaries;
11     C.    Requiring the Defendants to pay for all costs associated with the appointment and
12 retention of the independent fiduciary;
13     D.    Permanently enjoining Defendants Silva and NUC from violating the provisions of
14 Title I of ERISA;
15     E.    Permanently enjoining Defendant Silva from serving as a fiduciary of, or service
16 provider, to any ERISA-covered employee benefit plan and removing them from any positions they
17 now hold as fiduciaries of the Plan;
18     F.    Requiring the Defendants to cooperate with the independent fiduciary;
19     G.    Awarding the Secretary the costs of this action; and
20
21     //
22     //
23     //
24     //
25     //
26     //
27     //
28     //

H. Ordering such further relief as is just, appropriate and equitable.

Dated: April 20, 2015

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

IAN H. ELIASOPH
Counsel for ERISA


By: */s/ Andrew J. Schultz*
ANDREW J. SCHULTZ
Trial Attorney

Attorneys for the Plaintiff